UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 09-80207-CIV-MARRA/JOHNSON

GREEN ISLAND HOLDINGS, LLC,

    Plaintiffs,

v.

BRITISH AMERICAN ISLE OF VENICE (BVI),
LTD, a British Virgin Islands Company, and BRITISH-
AMERICAN INSURANCE COMPANY, LTD, a
Bahamas Company,

    Defendants.
_____/

**OPINION AND ORDER ON MOTION TO DISMISS**

THIS CAUSE comes before the Court on Defendant British-American Insurance Company, Ltd's ("BA Insurance") Motion to Dismiss for Improper Venue (DE 14), filed April 7, 2009. The motion is now fully briefed and is ripe for review. The Court has carefully considered the motion and the record and is otherwise fully advised in the premises.

**Background**

On February 19, 2009, Plaintiff Green Island Holdings, LLC ("Plaintiff" or "Green Island") filed a three-count Complaint (DE 1) against Defendants BA Insurance and British American Isle of Venice (BVI) Ltd ("Isle of Venice"), asserting claims of "Action on the Note" and "Action to Foreclose on Pledge and Security Agreement" against Isle of Venice (Counts I and II) and "Action on the Guaranty" against BA Insurance (Count III). Plaintiff alleges that BA Insurance failed to make payment of the balance of a Promissory note between Plaintiff and Isle

1

of Venice, as required pursuant to a January 7, 2008 Guaranty between Plaintiff and BA Insurance ("the Guaranty"). Compl. ¶ 14-18, 31-32; Exh. A-C.

BA Insurance argues that Plaintiff's claim against it must be dismissed because the Guaranty expressly and unambigously states that any action arising out of or relating to the Guaranty must be brought in circuit court in Osceola County, Florida or the United States District Court for the Middle District of Florida.  See Comp. Exh. C. at ¶ 8.  Plaintiff admits that the Guaranty contains a venue clause laying venue in Osceola County or the Middle District of Florida, but asks the Court to retain Count III on the basis of judicial economy and consistency of judgment.  Alternatively, Plaintiff requests that the Court sever and transfer Count III to the Middle District of Florida rather than dismissing it without prejudice.

**Standard of Review**

In the Eleventh Circuit, a motion to dismiss on the basis of a forum selection clause is brought pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure as a motion to dismiss for improper venue.  Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1290 (11th Cir. 1998).  Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."  M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972).  The Court may make any findings of fact necessary to resolve a motion to dismiss for improper venue, so long as the resolution of factual disputes is not an adjudication on the merits of a case.  Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008).  Determining the reasonableness of a forum selection clause is a fact-specific inquiry to be made on a case-by-case basis.  Shankles v. Costa Armatori, S.P.A., 722 F.2d 861, 864 (1st Cir. 1983).

**Discussion**

A forum selection clause will be held "unreasonable" in only four circumstances: 1.) when the formation of the clause was induced by fraud or overreaching; 2.) when the plaintiff would be deprived of her day in court because of inconvenience or unfairness; 3.) when the chosen law would deprive the plaintiff of a remedy, or 4.) when enforcement of the provisions would contravene public policy.  Lipcon, 148 F.3d at 1292; see also Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 594-95 (1988).  Here, Plaintiff does not question the presumptive validity of the clause, nor does it provide any basis for finding the clause "unreasonable."  Rather, Plaintiff simply argues that it would be inefficient for it to litigate in two fora.  Plaintiff's reliance on Woods v. Christensen Shipyards, Ltd., 2005 WL 5654643 (S.D.Fla. 2005) is misplaced. Woods addressed the issue of multiple plaintiffs, one of whom had not signed the contract containing the forum selection clause and was seeking relief outside of that contract. Therefore, the forum selection clause could not be enforced against her.  Here, there is only one Plaintiff, Green Island, who is a party to the contract containing the forum selection clause and is bound by it.  If Plaintiff wishes to litigate all of its counts in one forum, it could do so in the Middle District of Florida.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." (emphasis added)  This statute provides that a "case" can be transferred, not a portion of a case.  The Court is procedurally prohibited from severing and transfering a single count while retaining the remainder of the case.  Thus, the Court will dismiss Count III of the Complaint without

3

prejudice.

**Conclusion**

It is hereby **ORDERED AND ADJUDGED** that Defendant BA Insurance's Motion to Dismiss for Improper Venue (DE 14) is **GRANTED**.  Count III of the Complaint (Action on the Guaranty) is **DISMISSED WITHOUT PREJUDICE** for Plaintiff to refile in Osceola County or the Middle District of Florida.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 17th day of June, 2009.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record