UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80207-CIV-MARRA/JOHNSON

GREEN ISLAND HOLDINGS, LLC,

    Plaintiff,

vs.

BRITISH AMERICAN ISLE OF VENICE
(BVI), LTD., a British Virgin Islands Company,

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court upon Plaintiff's Motion for Summary Judgment (DE 58), Plaintiff's Motion for Sanctions (DE 83), and Plaintiff's Motion to Strike Affidavit in Support of Defendant's Response to Plaintiff's Motion for Summary Judgment (DE 97). The Court has carefully considered the motions and is otherwise fully advised in the premises.

**Background**

This is a breach-of-contract case in which Plaintiff, Green Island Holdings, LLC, alleges that Defendant, British American Isle of Venice, defaulted on the terms of a promissory note. The material facts, culled from exhibits, affidavits, and reasonably inferred therefrom in the light most favorable for the Defendant, as the non-movant, are as follows:

Plaintiff formerly owned 100% of the membership interests in Green Island Ventures, LLC. Declaration of Charles Pratt ("Pratt Decl.") ¶ 7. In July 2007, Plaintiff sold that membership interest to Defendant. *See* DE 58, Ex. B; Pratt Decl. ¶ 8. To effectuate this sale, the parties executed an Assignment of Membership Interest, under which Plaintiff assigned to

Defendant the 100% membership interest in Green Island Ventures.  *See* DE 58, Ex. C; Pratt Decl. ¶ 9(a); Declaration of Andrew Levy ("Levy Decl.") ¶ 7(a).  Plaintiff also executed an Assignment of Stock Power assigning and transferring to Defendant the Membership Certificate representing Plaintiff's 100% membership interest.  *See* DE 58, Exs. E, F; Levy Decl. ¶ 7(b).

On December 24, 2007, Plaintiff delivered original, executed copies of the Assignment of Membership Interest, Membership Certificate, and Assignment of Stock Power to Defendant's escrow agent and counsel, as provided for under the terms of the Closing Instructions and Escrow Agreement.  *See* DE 58, Ex. G; Pratt Decl. ¶ 9(d); Levy Decl. ¶ 7(c).  The escrow agreement was between Plaintiff's and Defendant's counsel and escrow agents, but agreed to and signed by the parties.  *See* DE 58, Ex. G; Pratt Decl. ¶ 9(c).

On January 7, 2008, Defendant's escrow agent and counsel e-mailed Plaintiff's counsel to (1) confirm that all conditions precedent to Defendant's obligation to purchase the membership interest from Plaintiff were satisfied, and (2) authorize the release of all documents from escrow under the Escrow Agreement.  *See* DE 58, Ex. I; Levy Decl. ¶ 7(e).  That same day, Plaintiff authorized the release of all documents from escrow under the Escrow Agreement.  *See* DE 58, Ex. J; Levy Decl. ¶ 7(f).  The documents were delivered to Defendant later that day.  *See* DE 58, Ex. K; Levy Decl. ¶ 7(g).

As partial consideration for the sale of the membership interest, Defendant executed and delivered to Plaintiff a Purchase Money Promissory Note in the original principal amount of $56,544,359.82.  *See* DE 1, Ex. A; Pratt Decl. ¶ 10; Levy Decl. ¶ 5.  To secure the debt evidenced by the promissory note, Defendant executed a Pledge and Security Agreement under which Defendant granted Plaintiff a first priority security interest in the membership interest.  *See*

DE 1, Ex. B; Pratt Decl. ¶ 11(a); Levy Decl. ¶ 6(a). The promissory note and security agreement are both dated January 7, 2008. *See* DE 1, Exs. A-B.

On September 9, 2008, the parties entered into a Note Modification Agreement under which Defendant would pay Plaintiff $9,568,589.96 by January 15, 2009. *See* DE 1, Ex. D; Pratt Decl. ¶¶ 12-13. Defendant failed to pay this amount by January 15, 2009. Pratt Decl. ¶ 14. As a result of Defendant's default, Plaintiff sent a Default Notice to Defendant on January 30, 2009. *See* DE 1, Ex. E; Pratt Decl. ¶ 15. The notice stated that Defendant's default triggered the promissory note's acceleration clause and that therefore the entire principal balance of $38,274,359.82 was due along with interest at the default rate of 18%. *See* DE 1, Ex. E; Pratt Decl. ¶¶ 16-17.

On February 19, 2009, Plaintiff filed a three-count complaint seeking, *inter alia*, damages for Defendant's breach of the promissory note.[1] (DE 1). On March 30, 2010, Plaintiff filed its Motion for Summary Judgment. (DE 58). On April 30, 2010, Defendant filed its response to Plaintiff's summary-judgment motion, which did not cite or attach any record evidence. (DE 63). On April 29, 2010, after an extension, Defendant filed an affidavit by its liquidator, Casey McDonald, in support of its response memorandum. (DE 69).

After a stay to allow the parties to proceed in bankruptcy court, this Court reopened these proceedings and deemed the prior summary-judgment briefing refiled and ripe for review as to Plaintiff's request for summary judgment on the breach-of-promissory-note claim.

---

[1] On June 18, 2009, this Court dismissed Plaintiff's breach-of-guaranty claim for improper venue. (DE 25). On September 9, 2010, this Court entered a stipulated summary judgment for Plaintiff on its foreclosure claim. (DE 75). Accordingly, the only remaining count subject to Plaintiff's summary-judgment motion is Plaintiff's claim for breach of the promissory note.

**Summary Judgment Standard**

The Court may grant summary judgment "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. To discharge this burden, the movant must show the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. *Anderson*, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."

*Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. 242, 249-50.

**Discussion**

It is not disputed that Plaintiff has provided evidence establishing a prima facie breach-of-contract claim. Plaintiff has provided documents and affidavits showing that it entered into an agreement with Defendant, the Purchase Money Promissory Note, requiring Defendant to pay $9,568,589.96 by January 15, 2009. Plaintiff has provided further evidence showing that Defendant never made that payment, which, barring evidence to the contrary establishing a factual issue for trial, establishes a breach of the promissory note that entitles Plaintiff to enforce the default provisions of the note. *See Fed. Sav. & Loan Ins. Corp. v. Two Rivers Assoc. Inc.*, 880 F.2d 1267, 1272 (11th Cir. 1989).

Defendant argues that there are genuine issues of material fact regarding whether the parties validly reached an agreement. Specifically, Defendant contends that there are questions of fact as to whether Plaintiff properly delivered the Membership Certificate on the closing date, which calls into question whether the transaction properly closed and whether adequate consideration supported the agreement. These unresolved issues, Defendant argues, preclude summary judgment.

In support of this argument, Defendant relies on the declaration of Casey McDonald, the "Liquidator of Isle of Venice [appointed] by the Eastern Caribbean Supreme Court." Declaration of Casey McDonald ("McDonald Decl.") ¶ 2 (DE 69). The Court finds this declaration insufficient to create a genuine issue of material fact to defeat summary judgment. Under Rule

5

56(c)(4) of the Federal Rules of Civil Procedure, an "affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." The McDonald declaration does not satisfy this standard.

First, the declaration does not state that it is based on personal knowledge, nor set forth any facts upon which McDonald's statements are based. In relevant parts, the declaration states:

> [T]he transactions did not actually close on January 7, 2008, as it appears to have occurred and as claimed by Green Island. On September 9, 2008, Green Island and Isle of Venice entered into that certain Note Modification Agreement (the "Modified Note"). Pursuant to the Modified Note, Isle of Venice was to make a payment in the amount of $9,568,589.96 to Green Island by January 15, 2009. Isle of Venice, did not default on its obligations under the Note and Pledge Agreement by virtue of its failure to make the January 15, 2009 payment. The loan transaction at issue did not properly close and there was no actual consideration for such transaction. Green Island failed to deliver the Membership Certificate and give Green Island legal possession of Ventures.

*See* McDonald Decl. ¶¶ 13-18. This merely provides a series of brief, conclusory statements supporting Defendant's position that the transaction did not validly close and was not supported by adequate consideration. Without providing the facts upon which these conclusory statements are based, this declaration fails to comply with Rule 56(c)(4).

Additionally, it does not seem possible that the declarant could have had personal knowledge of these events. The transactions at issue occurred in 2007 and early 2008. Yet the declarant was not appointed as Defendant's liquidator until February 15, 2010, over two years after the events about which he attests. *See* McDonald Decl. ¶ 2. The Court cannot conceive of, and the declarant has not provided, any basis upon which McDonald could have personal knowledge regarding the circumstances surrounding the January 7, 2008 closing.

Finally, even if McDonald's attestations were based on personal knowledge, his declaration consists of conclusory statements, devoid of any factual support, and therefore has no probative value. *See, e.g.*, *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000) ("This court has consistently held that conclusory allegations without specific supporting facts have no probative value.") (internal quotation marks omitted); *Ojeda v. Louisville Ladder Inc.*, 410 Fed. App'x 213, 215 (11th Cir. Dec. 13, 2010) (holding that "conclusory statements do not establish a disputed issue of material fact").

Because Defendant's sole declaration in support of its opposition to summary judgment cannot establish that there is a genuine issue for trial, summary judgment for Plaintiff is appropriate.[2]

Plaintiff also moves for sanctions against Defendant, in the form of attorney's fees, arguing that the McDonald affidavit was submitted in bad faith because Defendant knew McDonald lacked personal knowledge of the facts asserted therein. Because the promissory note and security agreement appear to provide for attorney's fees associated with their enforcement, it is unnecessary for the Court to award attorney's fees as a sanction for the McDonald declaration. *See* DE 1, Ex. A, ¶ 8; DE 1, Ex. B, ¶ 18.

**Conclusion**

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that Plaintiff's Motion for Summary Judgment (DE 58) is GRANTED as to Count I (Action on the Note); Plaintiff's Motion for Sanctions (DE 83) is DENIED; and Plaintiff's Motion to Strike Affidavit

---

[2] Because Defendant's affidavit is deficient on its face, the Court need not address Plaintiff's motion to strike the affidavit based on findings made by the bankruptcy court.

in Support of Defendant's Response to Plaintiff's Motion for Summary Judgment (DE 97) is DENIED AS MOOT. Plaintiff may, if it wishes, separately move for attorney's fees and costs under the agreements.

All pending motions are DENIED as moot. The Clerk of Court is directed to CLOSE this case.

A judgment reflecting the Court's ruling will be entered separately.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 31st day of August, 2011.

_____
KENNETH A. MARRA
United States District Judge

Copies to:
Counsel of record